IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TANYA ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. CV04-466-HU |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| DANIEL GRUENBERG, M.D. ) | |
| ) | |
| Defendant. ) | |

Adam M. Slater, pro hac vice
Lawrence Wobbrock
806 S.W. Broadway, 10th Floor
Portland, Oregon 97205
    Attorneys for plaintiff

Kelly A. Giampa
Hoffman, Hart & Wagner
1000 S.W. Broadway, 20th Floor
Portland, Oregon 97205
    Attorney for defendant

Judgment was entered in this action on May 1, 2006, against plaintiff and in defendant's favor. Defendant has submitted his

1   - OPINION AND ORDER

cost bill, requesting that the Clerk tax the following as costs:

1. Docket fees under 28 U.S.C. § 1923(a), in the amount of $20.00.

2. Deposition fees and transcript costs for the following witnesses: plaintiff Tanya Anderson, Andrew Anderson, defendant Daniel Gruenberg, M.D., dismissed defendant Gerald Segal, M.D., expert witnesses Robert Hart, M.D., Vladimir Fiks, M.D., C. Dean Buckner, M.D., Lawrence Goodnough, M.D., Michael Vessely, M.D., Reed Wilson, M.D., Mark Weston, M.D., Richard Maziarz, M.D., Michael Veverka, M.D., Drake Tollenaar, D.C., in the amount of $6,308.30.

3. Transcripts of trial testimony of Doctors Hart, Buckner, Goodnough, Weston, Maziarz, and Greenberg and trial excerpts, in the amount of $3,503.60.

4. Subpoena/witness fees and mileage expenses under 28 U.S.C. § 1821(b), (c) in the amount of $240.00.

5. Copying charges under 28 U.S.C. § 1920(4) for copies of exhibits provided to the court and opposing counsel in the amount of $1,847.55.

6. Photocopy charges for a timeline that was enlarged and used at trial, in the amount of $288.00.

7. Photocopy charges for two anatomical drawings enlarged and used at trial in the amount of $2,650.00.

2   - OPINION AND ORDER

The total amount requested is $14,212.09.

Under Rule 54(d) of the Federal Rules of Civil Procedure, costs are to be awarded as a matter of course to the prevailing party "unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, but vests in the district court discretion to refuse to award costs, so long as the court articulates adequate reasons for doing so. <u>Mexican-American Education Association v. State of California</u>, 231 F.3d 572, 591 (9th Cir. 2000)(*en banc*).

Defendant has requested that he recover costs for obtaining the transcript of the deposition of Reed Wilson, M.D., one of the expert witnesses defendant hired and anticipated calling. Plaintiff took that deposition. Defendant chose not to call Dr. Wilson at trial. The cost for a transcript of Dr. Wilson's deposition, $75.25, is disallowed.

Defendant requests costs for obtaining transcripts of trial testimony, a total of $3,503.60. I disagree with defendant that transcripts of trial testimony were "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), as opposed to the convenience of counsel. The cost for transcripts of trial testimony, $3,503.60, is disallowed.

Defendant is awarded $10,633.24 as costs.

Plaintiff's request that the court exercise its discretion

3   - OPINION AND ORDER

not to tax costs against plaintiff, made in her Memorandum in Opposition to Defendant's Cost Bill, is GRANTED in part and DENIED in part.

Plaintiff's request to bar defendant's reply memorandum in support of the cost bill, which was docketed as a motion (doc. # 206) is DENIED.

IT IS SO ORDERED.

Dated this 15th day of June, 2006.


                                                  /s/    Dennis James Hubel

                                                         Dennis James Hubel
                                      United States Magistrate Judge

4   - OPINION AND ORDER